NO. 07-05-0369-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 5, 2007

______________________________

CRUZ TIJERINA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 364
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-406077; HONORABLE BRADLEY UNDERWOOD, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant Cruz Tijerina filed a notice of appeal following his conviction for possession of a controlled substance, cocaine, and the accompanying sentence of incarceration.  We agree with appointed counsel’s conclusion that the record fails to show any meritorious issue which would support the appeal and affirm the trial court’s judgment.

Appellant, while represented by counsel, entered an open plea of guilty to the charged offense.  Appellant waived his right to a jury trial and, following hearing, the trial court rejected appellant’s request to be placed on community supervision and assessed punishment at five years confinement.

Counsel for appellant has filed a motion to withdraw and a brief in support pursuant to 
Anders v. California
, 386 U.S. 738, 744-45 (1967).  The brief discusses the factual and procedural history of the case and evidence presented.  In conformity with counsel’s obligation to support the appeal to the best of his ability, 
Johnson v. State
, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref’d), the brief discusses four potential issues on appeal and explains why they do not show reversible error.  Counsel thus concludes the appeal is frivolous.  
See High v. State
, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has certified that a copy of the 
Anders
 brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a 
pro se 
response.  
Johnson
, 885 S.W.2d at 645.  By letter, this court also notified appellant of his right to submit a response to the 
Anders 
brief and motion to withdraw filed by his counsel.  Appellant has filed a letter with this court in which he indicates he has been unsuccessful in finding any grounds to proceed with a response,  and asks us to review the record.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record.  
Nichols v. State
, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.).  If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

Our review of counsel's brief, including his discussion of potential appellate issues, and the record convinces us that appellate counsel conducted a thorough review of the record.  We also have independently examined the entire record in the case to determine whether there are any non-frivolous grounds which might support the appeal.  
See Penson v. Ohio
, 488 U.S. 75 (1988); 
Stafford v. State
, 813 S.W.2d at 511.  We have found no such grounds.  After reviewing the record before us, we agree with counsel that the appeal is frivolous.  
See Bledsoe v. State
, 178 S.W.3d 824 (Tex.Crim.App. 2005). 

Accordingly, counsel’s motion to withdraw is granted
(footnote: 1) and we affirm the judgment of the trial court. 

James T. Campbell

         Justice

Do not publish.  

FOOTNOTES
1: In granting counsel’s motion to withdraw, however, we remind counsel of the “educational”duty to inform appellant of his right to file a 
pro se 
petition for discretionary review in the Court of Criminal Appeals.  
Ex parte Owens
, 206 S.W.3d 670 (Tex.Crim.App. 2006).